ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/21/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAKER HUGHES ENERGY SERVICES, LLC
and GENERAL ELECTRIC COMPANY,

                              Plaintiffs,

          - against -

TURBINE POWERED TECHNOLOGY, LLC,

                              Defendant.

23 Civ. 9823 (LLS)

OPINION & ORDER

Plaintiffs Baker Hughes Energy Services, LLC ("BHES"),

formerly known as GE Oil & Gas, LLC ("GEOG"), and General

Electric Company ("GE") brought this action against Defendant

Turbine Powered Technology, LLC ("TPT"). They seek a declaratory

judgment that TPT's claims in a separate proceeding outside of

New York are based upon a Term Sheet with a forum selection

clause that requires litigation in New York. TPT moves for

dismissal on several grounds (Dkt. No. 5), including for lack of

personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For

the following reasons, the Motion to Dismiss is granted.

## BACKGROUND

The following facts are taken from the Complaint ("Compl.")

(Dkt. No. 1-2) and presumed to be true for the purposes of this

motion.

Plaintiff BHES is a Delaware limited liability company with

its principal place of business in Texas. Compl. ¶ 12. It is the

successor-in-interest to GEOG. Id. Plaintiff GE is a New York

corporation with its principal place of business in
Massachusetts. Id. ¶ 13. Defendant TPT is a Louisiana limited
liability company with its principal place of business there.
Id. ¶ 14.

This case has a complex procedural history. Id. ¶ 4. TPT
originally filed suit against BHES and GE in Louisiana State
Court in 2015 (the "TPT Action") for breach of oral and implied
commitments related to the funding of a proposed venture between
the plaintiffs and non-parties Michel Moreno and Turbine
Generation Services, LLC ("TGS"). Id. ¶¶ 4, 5. In May of 2013,
GE agreed to loan $25,000,000 for that proposed venture to an
entity controlled by Moreno. Id. ¶ 21. GEOG loaned this sum to
Moreno's company, TGS, and TGS executed a Senior Secured
Promissory Note ("the Promissory Note") (Dkt. No. 1-4) to
evidence GEOG's loan. Id. ¶ 22. The Promissory Note included a
forum selection clause, which reads:

> EACH PARTY HERETO IRREVOCABLY AND UNCONDITIONALLY
> SUBMITS, FOR ITSELF AND ITS PROPERTY, TO THE EXCLUSIVE
> JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK
> SITTING IN THE BOROUGH OF MANHATTAN IN NEW YORK COUNTY,
> AND ANY APPELLATE COURT FROM ANY THEREOF, IN ANY ACTION
> OR PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR
> ANY OTHER LOAN DOCUMENT, OR FOR RECOGNITION OR
> ENFORCEMENT OF ANY JUDGMENT, AND EACH OF THE PARTIES
> HERETO IRREVOCABLY AND UNCONDITIONALLY AGREES THAT ALL
> CLAIMS IN RESPECT OF ANY SUCH ACTION OR PROCEEDING MAY
> BE HEARD AND DETERMINED IN SUCH NEW YORK STATE COURT.

Promissory Note at 7; Compl. ¶ 23. Annexed to the Promissory
Note was a Term Sheet (Dkt. No. 1-11), which outlined the

proposed details of the venture. Compl. ¶¶ 21, 27-31.

BHES and GE allege that TPT originally represented that its claims in the TPT Action arose out of their oral commitments, but, at a recent deposition, TPT's sole principal, Ted McIntyre, invoked the Term Sheet as a basis for that action. Id. ¶ 46-47. BHES and GE argue that TPT is therefore suing under the Term Sheet and should be subject to the Promissory Note's forum selection clause. They filed suit in the Supreme Court for the County of New York on September 28, 2023, seeking a declaratory judgment to that effect. TPT removed to this Court on November 6, 2023 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) (Dkt. No. 1). On November 13, 2023, TPT moved for dismissal on several grounds, including for lack of personal jurisdiction, arguing that the Promissory Note's forum selection clause does not apply.

## DISCUSSION

TPT moves for dismissal of BHES and GE's claims for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), among other reasons. Because personal jurisdiction is a threshold matter, this Court must consider that before analyzing other grounds for dismissal. See NuMSP, LLC v. St. Etienne, 462 F. Supp. 3d 330, 340-41 (S.D.N.Y. 2020). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."

Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34-35 (2d

Cir. 2011) (internal citations and quotations omitted). BHES and

GE must make "'legally sufficient allegations of jurisdiction,'

including 'an averment of facts that, if credited[,] would

suffice to establish jurisdiction over the defendant.'" Id. at

35 (quoting In re Magnetic Audiotape, 334 F.3d 204, 206 (2d Cir.

2003)) (alteration in the original). On a motion to dismiss

under Rule 12(b)(2), the court "assumes the truth of the

plaintiff's factual allegations for purposes of the motion."

Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 85

(2d Cir. 2013). "A complaint is deemed to include any written

instrument attached to it as an exhibit." Sira v. Morton, 380

F.3d 57, 67 (2d Cir. 2004).

This Court has personal jurisdiction over the defendant if

it (A) consented to a valid and enforceable forum selection

clause or (B) its exercise of jurisdiction is proper under the

laws of New York and comports with the Due Process Clause of the

U.S. Constitution. See D.H. Blair & Co. v. Gottdiener, 462 F.3d

95, 103-04 (2d Cir. 2006); Grand River Enters. Six Nations, Ltd.

v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).

### Forum Selection Clause

A forum selection clause is presumptively enforceable if

the party seeking to enforce it can show that: (1) "the clause

was reasonably communicated to the party resisting enforcement";

(2) the clause was mandatory and not merely permissive; and (3) "the claims and parties involved in the suit are subject to the forum selection clause." Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007).

Even where a party does not sign a forum selection clause, it may still be bound by its terms. "[A] non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory when the non-signatory is 'closely related' to another signatory." Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 723 (2d Cir. 2013). Inversely, "many district courts in this Circuit apply the closely-related test to determine if a signatory can use a forum selection clause to assert personal jurisdiction over a non-signatory." Shipco Transp., Inc. v. Roll on Roll off Co., LLC, 2023 WL 4824452, at *4 (S.D.N.Y. July 27, 2023). Courts typically allow enforcement of forum selection clauses where a non-signatory is sufficiently closely related as to render the enforcement foreseeable. Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc., 2019 WL 4562409, at *6 (S.D.N.Y. Sept. 5, 2019).

"However, when a signatory is seeking to enforce a forum selection clause against a non-signatory to show that the court has jurisdiction over the non-signatory, courts have declined to apply the closely related standard when the signatory and non-signatory have a separate preexisting contractual relationship."

-5-

Shipco, 2023 WL 4824452, at *4. That is because the parties already "had an opportunity to negotiate and agree to a forum selection clause, but for whatever reason declined to do so." Id. "If the purpose of a foreseeability test is to enforce parties' reasonable expectations, then such a test is wholly unnecessary when the parties actually memorialized their expectations in a contract." Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc., 328 F. Supp. 3d 329, 337 (S.D.N.Y. 2018).

Here, BHES and GE allege that TPT is bound by the exclusive New York jurisdiction and choice of law provisions in the Term Sheet. Compl. ¶ 1. The Term Sheet was annexed to the Promissory Note executed between TGS and GEOG, which provided that the Promissory Note shall be governed by New York law and that the parties to the Promissory Note consent to exclusive jurisdiction and venue in New York. Id. ¶¶ 22-23. But the signatories to the Promissory Note were TGS and GEOG, not TPT. Id. ¶ 22; Promissory Note at 13-14. There is no contention that TPT executed the Promissory Note or attached Term Sheet. Rather, BHES and GE allege that TPT is bound by the Term Sheet because it formed the basis of TPT's claims, and TPT was a third-party beneficiary to the agreement. Compl. ¶¶ 1, 8, 47.

However, the Complaint makes clear that TPT entered into separate "oral and implied agreements" with BHES and GE, which are the subject of the TPT Action in Louisiana. Id. ¶¶ 2, 5.

There are no allegations that those oral and implied agreements
include a forum selection clause. BHES and GE had the
opportunity to negotiate for a forum selection clause when they
made these commitments, and they did not do so. They may not now
invoke TPT's alleged status as a third-party beneficiary to
override that independent agreement.

TPT is not subject to the forum selection clause.

### General or Specific Jurisdiction

Absent an applicable forum selection clause, this Court
might still have general or specific personal jurisdiction over
the defendant.

"General jurisdiction renders a defendant amenable to suit
on all claims." Affiliated FM Ins. Co., 328 F. Supp. 3d at 339.
In New York, general jurisdiction exists pursuant to N.Y.
C.P.L.R. § 301 when a company "has engaged in such a continuous
and systematic course of 'doing business' [in New York] that a
finding of its 'presence' [in New York] is warranted." Sonera
Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 224 (2d
Cir. 2014) (alteration in original).

"[S]pecific jurisdiction renders a defendant amenable to
suit only on those claims that arise from conduct related to the
forum." Affiliated FM Ins. Co., 328 F. Supp. 3d at 339. Under
New York's long-arm statute, courts may exercise personal
jurisdiction over an out-of-state party if that party (1)

-7-

transacts business in New York, (2) commits a tortious act in New York, (3) commits a tortious act outside of New York that causes injury within New York, or (4) owns, uses, or possesses real property in New York. N.Y. C.P.L.R. § 302(a).

BHES and GE do not state any facts establishing either general or specific personal jurisdiction over TPT. There are no facts in the Complaint – aside from those related to the Promissory Note's inapplicable forum selection clause – that tie TPT to New York. TPT is a Louisiana corporation, and there is no evidence of any conduct related to New York, let alone a continuous and systematic course of business. "Save the forum selection clause, this matter has nothing to do with New York." Mersen USA EP Corp. v. TDK Elecs. Inc., 594 F. Supp. 3d 570, 584 (S.D.N.Y. 2022) (dismissing for lack of personal jurisdiction despite invocation of the closely related standard). Therefore, there is neither general nor specific jurisdiction, and dismissal is proper.

## CONCLUSION

Defendant's Motion to Dismiss is granted for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

So ordered.

Dated:    New York, New York
          March 21, 2024

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

-8-